OPINION
{¶ 1} Defendant-appellant, Harrison County Common Pleas Court ("Harrison County" or "county"), appeals from a decision of the Franklin County Court of Common Pleas in favor of plaintiff-appellee, Alice M. Barr ("Ms. Barr"), finding that Ms. Barr was entitled to job protection as a classified employee with the county and, thus, was improperly discharged from her position with Harrison County. Ms. Barr has filed a conditional cross-appeal asserting that the Franklin County Court of Common Pleas failed to consider additional grounds for finding in her favor.
 {¶ 2} This case has progressed from proceedings before the State Personnel Board of Review ("SPBR"), to an appeal to the Franklin County Court of Common Pleas under R.C. 119.12, and finally to the present appeal. As the case is now postured, the parties for the most part do not dispute the findings of fact established before the SPBR hearing officer and set forth in her report and recommendation.
 {¶ 3} Ms. Barr was employed by the Harrison County Court of Common Pleas from August 1999 until her discharge in April 2003. She was hired by Judge Karto, and worked under the title of probation officer with the bulk of her job duties consistent with that position. Ms. Barr also bore responsibilities, however, consistent with the duties of a grant administrator, fiscal officer, bailiff, purchasing agent, and payroll officer. She also acted on occasion as liaison between the court and the county auditor's office as well as the county commissioner's office. The county concedes that these other duties constituted ten percent or less of her working time.
 {¶ 4} In Autumn of 2000, the Harrison County Common Pleas Court, which up to that point had functioned under a single judge, was divided into two divisions: a general division handling civil and criminal matters, and a juvenile and probate division. Judge Karto, the incumbent who had hired Ms. Barr, was defeated by Judge Nunner in a race for the general division seat, and Judge Puskarich won the newly created seat for the juvenile and probate division in the same election.
 {¶ 5} Prior to leaving office, Judge Karto, attempting to protect Ms. Barr's employment with the court, journalized an entry stating that Ms. Barr was a classified employee. In support of this determination and entry, Judge Karto took "judicial notice" of Ms. Barr's job duties within the probation department. Ms. Barr was nonetheless terminated in April 2003 by the court under its new judges. The court took the position that she was an unclassified employee not entitled to civil service protection.
 {¶ 6} Ms. Barr initiated this case with a complaint before the SPBR. The hearing officer found that she was an unclassified employee, despite the fact that the bulk of her duties were in a classified position as probation officer. Because Ms. Barr was an unclassified employee, the SPBR found that it lacked jurisdiction to consider her appeal. Ms. Barr then appealed to the Franklin County Court of Common Pleas, which reversed the SPBR's finding. The court initially determined that the entry journalized by Judge Karto attempting to establish that Ms. Barr was a classified employee was not binding and conclusive in this respect. The court then found, however, that because the great majority of Ms. Barr's job duties fell into a classified category, she could not be terminated by her employer without cause. The court therefore vacated the decision of the SPBR and entered judgment in favor of Ms. Barr in the amount of $37,083.
 {¶ 7} Harrison County has timely appealed and brings the following three assignments of error:
1. THE TRIAL COURT ERRED IN FINDING THAT THE OHIO REVISED CODE DOES NOT PROVIDE GUIDANCE AS TO WHETHER THE PERFORMANCE OF DUTIES IN AN UNCLASSIFIED NATURE REMOVED THE "MANTLE OF CLASSIFIED PROTECTION" FROM THE EMPLOYEE.
2. THE TRIAL COURT ERRED IN FINDING THAT THE "HYBRID" POSITION THAT APPELLEE OCCUPIED WAS CLASSIFIED.
3. THE TRIAL COURT ERRED IN FINDING THAT BECAUSE APPELLEE SPENT THE MAJORITY OF HER TIME PERFORMING PROBATION OFFICER DUTIES, HER POSITION WAS THEREFORE CLASSIFIED.
Ms. Barr's cross-appeal presents the following six assignments of error:
I. The SPBR Dismissal Ruling is Contrary to Law in Ruling that PO Alice is Not a Classified Employee Because an Earlier-Enacted General Statute [ORC124.111] Prevails Over a Later-Enacted Specific Statute [ORC2301.271]
II. The SPBR Dismissal Ruling is Contrary to Law in Ruling that a Public Employee Who is Designated as a Classified Employee is Not a Classified Employee if She Performs Some Non-Classified Duties.
III. The SPBR Dismissal Ruling is Contrary to Law in Ruling that Regardless of Civil Service Status the Government May Discharge a Public Employee for Political Reasons Even Though Such Act Violates Her Constitutionally-Protected Interests in Freedom of Speech, Belief, and Association.
IV. The SPBR Dismissal Ruling is Contrary to Law in Ruling that Ohio Law Prohibits Classified Employees from Engaging in Non-Partisan Political Activity, and that a Classified Employee is Transformed Into an Unclassified Employee by Engaging in Political Activity.
V. The Trial Court Holding Is in Accordance with Law that the Honaker Decision Violates the Rule of Fundamental Fairness and is Inapplicable to the Case at Bar, But it also Erroneously Rejects Numerous Other Legitimate Reasons Why Honaker is Contrary to Law and Inapplicable to the Instant Case.
VI. The SPBR Dismissal Ruling is Contrary to Law in Ruling that Judge Karto's Judgment Entry is Not Entitled to the Presumption of Regularity and Is Subject to Collateral Attack.
 {¶ 8} Initially, we note that in an administrative appeal filed pursuant to R.C. 119.12, the standard of review applied by the common pleas court requires it to determine whether the SPBR's order is supported by reliable, probative, and substantial evidence and is in accordance with law. Univ. of Cincinnati v.Conrad (1980), 63 Ohio St. 2d 108, 111, 407 N.E.2d 1265. The court of common pleas may, to a limited extent, substitute its judgment for that of the administrative agency, but must give deference to the agency's resolution of evidentiary conflicts. Id. Upon further appeal to this court from the common pleas court, our standard of review is limited to a determination of whether the court of common pleas abused its discretion in finding that there was substantial, reliable, and probative evidence in the record to support the order of the SPBR, and in finding that the order was in accordance with law. Rohde v.Farmer (1970), 23 Ohio St.2d 82, 52 O.O.2d 376, 262 N.E.2d 685.
 {¶ 9} A civil service employee in Ohio may be either classified or unclassified. The distinction is significant in that a classified employee is protected from termination without cause under procedural safeguards found in R.C. 124.34. Unclassified employees serve at the pleasure of the appointing authority, may be dismissed from their employment without cause, and are not afforded the procedural safeguards available to those in the classified service. Eudela v. Ohio Dept. of Mental Healthand Mental Retardation (1986), 30 Ohio App.3d 113, 30 OBR 213,506 N.E.2d 947; Huber v. Celebreeze (1984), 14 Ohio App.3d 299, 14 OBR 356, 471 N.E.2d 181. R.C. 124.11 provides the general statutory distinction between classified and unclassified civil services. Generally, employees holding a fiduciary or administrative relationship to an elected official or county administrator, or an administrative relation to an agency, will fall into the unclassified service. In the present case, the parties no longer contest the SPBR's determination that Ms. Barr was a "hybrid" employee, performing some duties of a fiduciary nature that would cause her to fall into the unclassified service, but with the majority of her work as a probation officer being of a nature as to place her in the classified service.
 {¶ 10} The mere title assigned by the appointing authority is not conclusive of whether an employee is a member of the unclassified or classified service under R.C. 124.11. Yarosh v.Becane (1980), 63 Ohio St.2d 5, 17 O.O.3d 3, 406 N.E.2d 1355. The SPBR will determine whether the employee is classified, and, thus, whether the SPBR has jurisdiction in an appeal from termination, based upon the actual job duties performed by the employee, regardless of the employee's nominal title. Id.
 {¶ 11} Harrison County's three assignments of error essentially argue different aspects of the same issue, and will be addressed together. In sum, Harrison County argues that the Franklin County Court of Common Pleas erred in disregarding the SPBR's finding that Ms. Barr, as a "hybrid" employee performing both classified and unclassified duties, was not entitled to protection as a classified employee.
 {¶ 12} Only one case in Ohio has comprehensively addressed the question of how to categorize a "hybrid" employee who has contested termination without cause by the appointing authority. In Honaker v. Scioto County Common Pleas Court (Dec. 6, 1993), Scioto App. No. 92-CA-2087, two employees of the Scioto County Common Pleas Court served both as bailiffs and probation officers. Probation officers, pursuant to R.C. 2301.27, serve in the classified service. Bailiffs, as specifically enumerated in R.C. 124.11(A)(10), are in the unclassified service holding a fiduciary position. The court in Honaker rejected the employees' contention that their partial responsibilities as probation officers placed them in the classified service regardless of any fiduciary duties they otherwise undertook in their normal course of work. The court in Honaker further found that, even if classified duties normally comprised the majority of the employees' work, the existence of some fiduciary aspect to the regular tasks assigned the employee would be determinative and place the employee in the unclassified service.
 {¶ 13} The court of common pleas in the case before us declined to follow Honaker, adopting many of the concerns expressed in the dissent to the majority decision in that case. The principal objection to the rule established in Honaker is the risk that employees whose duties fall wholly within the classified service would jeopardize their classified service protection by accepting, in a spirit of productive cooperation, temporary fiduciary responsibilities to assist with staffing shortfalls or other emergencies. These concerns are understandable, as there certainly is a risk of reduced workplace flexibility and a loss of cooperation among classified and unclassified employees in exigent circumstances. However, that is not the case before us. Ms. Barr, in the present matter, undisputedly assumed as part of her regular, everyday duties, fiduciary responsibilities as a bailiff and administrator as described in detail by the SPBR. The fact that these duties constituted the lesser portion of her work, and that the bulk of her duties were as a probation officer, which the county does not contest would normally occupy a classified position, is not determinative. No balancing test for the special case of "hybrid" employees has been set forth by the Supreme Court of Ohio or any of our courts of appeal. Absent such a test, we find the reasoning of Honaker to be persuasive, and to provide a clear and consistent standard.
 {¶ 14} We accordingly find that the Franklin County Court of Common Pleas abused its discretion when it held that the order of the SPBR dismissing for lack of jurisdiction Ms. Barr's appeal of her termination was not supported by reliable, probative, and substantial evidence, and in accordance with law. Harrison County's three assignments of error have merit and are sustained. The judgment of the Franklin County Court of Common Pleas is reversed, and the order of the SPBR is reinstated.
 {¶ 15} We now turn to Ms. Barr's six assignments of error in her conditional cross-appeal.
 {¶ 16} Ms. Barr's first assignment of error asserts that the SPBR erred in its interpretation of applicable statutes governing the division of employees into classified and non-classified service. Specifically, Ms. Barr argues that the SPBR failed to apply fundamental rules of statutory interpretation when it failed to recognize that a later enacted statute, R.C. 2301.27, expressly placing probation officers in the classified service, must prevail over the earlier-enacted general statute, R.C.124.11, generally defining the unclassified service. As set forth in our discussion above, Harrison County no longer asserts in this case that Ms. Barr's probation officer duties were not classified. Nor can we find in the SPBR's hearing officer's report and recommendation any reliance on incorrect principles of statutory interpretation. R.C. 2301.27 and 124.11 in no way conflict in their application to the present case. Ms. Barr's first assignment of error is accordingly overruled.
 {¶ 17} Ms. Barr's second assignment of error asserts that the SPBR erroneously held that a "hybrid" employee may fall into the unclassified service. This assignment of error is in fact not an attempt to point out an error in the court's decision, but presents a response to Harrison County's assignments of error on appeal to this court. As such, it is overruled for the reasons given in our discussion of Harrison County's appeal.
 {¶ 18} Ms. Barr's third and fourth assignments of error assert that the SPBR improperly found that Ms. Barr could be discharged because, during her service under Judge Karto, she solicited campaign contributions on his behalf, in violation of her purported status as a classified employee. R.C. 124.57
prohibits many forms of political activity by classified employees. Activity in violation of this statute may give rise to disciplinary action or termination for cause. See, generally,Warren Cty. Deputy Sheriff's Benevolent Assoc. v. Ariss Warren App. No. CA2002-02-013, 2002-Ohio-4987; Wray-Wallace v. OBES
(Mar. 18, 1998), Fairfield App. No. 97-CA-61. The SPBR, however, dismissed Ms. Barr's action on the basis that she was an unclassified employee and the SPBR lacked jurisdiction. To the extent that Ms. Barr acted in contravention of her purported status as a classified employee in soliciting political contributions, this could not have been the basis for the SPBR's action, since that would have placed the matter as a controversy over whether Ms. Barr, as a classified employee, had been discharged for cause. That is not the posture of the case. Ms. Barr's third and fourth assignments of error on cross-appeal are accordingly overruled.
 {¶ 19} Ms. Barr's fifth assignment of error asserts thatHonaker is simply not good law. This also represents a response to Harrison County's assignments of error on appeal, and is overruled based upon our discussion thereof.
 {¶ 20} Ms. Barr's sixth assignment of error asserts that the judgment entry prepared and entered by Judge Karto stating that Ms. Barr was employed by the court in a classified position is irrefutably dispositive of her employment situation, and is not subject to collateral attack in the present action. "Determination of * * * classified or unclassified status must turn on those job duties actually performed * * *. It is well-settled that the true test of an employee's status turns on the duties actually delegated and performed by the employee."Suso v. Ohio Dept. of Dev. (1993), 93 Ohio App.3d 493, 502,639 N.E.2d 117. The SPBR and reviewing courts must go "beyond the title itself" to determine the employee's classification, reviewing duties assigned to and performed by the employee.Honaker, at *6, citing Yarosh, supra.
 {¶ 21} The outgoing employing judge attempted to use a procedure available for ministerial or administrative functions to make a judicial determination on a matter not before his court. As such, the entry does not represent the outcome of an actual controversy adjudicated between the parties with the full opportunity to be heard. It does not set forth a judgment establishing res judicata in any later proceeding. The Franklin County Court of Common Pleas, in the present case, also declined to give Judge Karto's entry attempting to set forth Ms. Barr's employment status preclusive effect: "it is difficult to argue that the duties in classification status * * * were generally known * * * or capable of accurate and ready determination by unquestionable and accurate sources [allowing the court to take judicial notice]." (June 2, 2005, Decision at 12.) We agree with the Franklin County Court of Common Pleas that Judge Karto could not take judicial notice of Ms. Barr's employment status, both because the facts thereof were not readily ascertainable by taking judicial notice, and because the determination as a matter of law of the status of those duties was a matter for the SPBR and reviewing courts to determine under statute. Ms. Barr's sixth assignment of error accordingly lacks merit and accordingly is overruled.
 {¶ 22} In summary, the Harrison County Court of Common Pleas' three assignments of error are sustained. Ms. Barr's six assignments of error on cross-appeal are overruled, and the judgment of the Franklin County Court of Common Pleas setting aside the order of dismissal issued by the SPBR is reversed, and the SPBR's dismissal is reinstated.
Judgment reversed and SPBR's dismissal is hereby reinstated.
McGrath and Travis, JJ., concur.