OPINION
{¶ 1} Appellant, Drew E. Case, appeals from a judgment of the Franklin County Court of Common Pleas, affirming a decision by the State Personnel Board of Review ("SPBR") dismissing appellant's appeal, for lack of subject-matter jurisdiction, based upon a finding that appellant was an unclassified employee at the time he was removed from his position with appellee, Harrison County Common Pleas Court ("Harrison County" or "court").
 {¶ 2} In August 1999, Judge Steven Ray Karto hired appellant as an employee with Harrison County. By letter dated April 15, 2003, a Harrison County official informed appellant that his position as court administrator was being eliminated, effective April 18, 2003. Appellant filed an appeal with the SPBR, and the matter was assigned to a hearing officer. The hearing officer issued an order on August 8, 2003, finding that, because appellant was removed as an unclassified employee, a hearing was necessary to determine whether the SPBR had jurisdiction over the matter. The hearing officer conducted a hearing on January 12, 2004.
 {¶ 3} On July 2, 2004, the hearing officer issued a report and recommendation, which included the following findings of fact. In July 1999, appellant began his employment with Harrison County as a juvenile probation officer, later moving to the position of adult probation officer. Appellant was subsequently appointed court administrator, holding that title for at least the last year of his employment.
 {¶ 4} In his duties as court administrator, appellant reported directly to Judge Karto, receiving his work assignments from the judge. Appellant's name appeared on the court's letterhead as the court administrator, and he sat in on pre-trials, scheduled the courtrooms, and was the main contact for the prosecutor's office from the time period of August 2002 through April 2003. Appellant signed payrolls on behalf of Harrison County as the officeholder, signed requests to the county commissioners regarding the transfer of juvenile funds, signed all leave forms for employees, and issued memoranda to staff regarding the duties of employees. He also conducted staff meetings, was considered by many employees to be their supervisor, and acted as a conduit between Judge Karto and the staff.
 {¶ 5} Appellant's office was located adjacent to Judge Karto's office, and appellant was one of three employees who knew the access code to the judge's office. Appellant attended county commissioner meetings in place of Judge Karto, and assisted the judge in compiling entries and taking care of mail. Further, in Judge Karto's absence, appellant answered questions on behalf of the judge and signed grant documents.
 {¶ 6} Appellant also performed probation officer duties in both the juvenile and adult probation areas. His work with juvenile probation included supervising juvenile probation officers and completing reports when juveniles were sent to the Department of Youth Services. With respect to adult probationers, appellant's duties included screenings, contacting probationers, performing home visits, and various other matters. In his capacity as a probation officer, appellant was granted permission to carry a firearm. Appellant also acted as a bailiff in the courtroom, although the hearing officer found no evidence as to the percentage of time appellant performed those duties.
 {¶ 7} Prior to 2003, Harrison County had a single court, but, in 2003, it was split into a general division and a probate/juvenile division. Judge Karto and Judge Michael Nunner ran for the general division seat, with Judge Nunner winning the election. During the hearing testimony, Judge Nunner and Judge Matthew Puskarich both testified that they no longer wanted the position of court administrator, and, therefore, that position was eliminated.
 {¶ 8} The hearing officer found that, although appellant held a position as an adult probation officer, which is in the classified service, he also performed duties that established a fiduciary and administrative relationship to an elected official (Judge Karto), and, thus, appellant held a "hybrid" position. The hearing officer concluded that Harrison County met its burden of demonstrating that appellant's duties and relationship to the appointing authority placed him in the unclassified service, and the hearing officer recommended that the case be dismissed for lack of subject-matter jurisdiction pursuant to R.C. 124.03.
 {¶ 9} Appellant filed objections to the hearing officer's report. By order dated August 20, 2004, the SPBR adopted the recommendation of the hearing officer and ordered that the appeal be dismissed for lack of subject-matter jurisdiction.
 {¶ 10} Appellant subsequently filed an appeal with the trial court from the order of the SPBR. By decision filed June 16, 2005, the trial court affirmed the decision of the SPBR.
 {¶ 11} On appeal, appellant sets forth the following seven assignments of error for review:
Assignment of Error I
The SPBR Dismissal Ruling and Trial Court Holding are Contrary to Law in Ruling that PO Drew is Not a Classified Employee Because He Had a Fiduciary Relationship with Judge Karto and that an Earlier-Enacted General Statute [ORC 124.11] Prevails Over a Later-Enacted Specific Statute [ORC 2301.27.]
Assignment of Error II
The SPBR Dismissal Ruling and Trial Court Holding are Contrary to Law in Ruling that a Public Employee Who is Designated as a Classified Employee is Not a Classified Employee if He Performs Fiduciary Duties[.]
Assignment of Error III
The SPBR Dismissal Ruling and Trial Court Holding are Contrary to Law In Ruling that Regardless of Civil Service Status, the Government May Discharge a Public Employee for Political Reasons Despite the Fact that Such Act Violates His Constitutionally-Protected Interests in Freedom of Speech, Belief, and Association[.]
Assignment of Error IV
The SPBR Dismissal Ruling and Trial Court Holding are Contrary to Law in Ruling that Ohio Law Prohibits Classified Employees from Engaging in Non-Partisan Political Activity, and that a Classified Employee is Transformed Into an Unclassified Employee by Engaging in Political Activity[.]
Assignment of Error V
The SPBR Dismissal Ruling and Trial Court Holding Are Contrary to Law in Ruling that the Honaker Decision Is Applicable to the Instant Case[.]
Assignment of Error VI
The SPBR Dismissal Ruling and Trial Court Holding are Contrary to Law in Ruling that Judge Karto's Judgment Entry is Not Entitled to the Presumption of Regularity and Is Subject to Collateral Attack[.]
Assignment of Error VII
The SPBR Dismissal Ruling is Not Supported by a Preponderance of Reliable, Probative, or Substantial Evidence Because (A) the County's Witnesses Made Judicial Admissions that PO Drew Was Employed In the Adult Probation Department, (B) Because the County's Evidence Consists of the Testimony of Witnesses Who Admit a Lack of Personal Knowledge, and (C) Because the County's Evidence Fails to Relate to Probation Officer Drew's Activities at the Time of His Discharge[.]
 {¶ 12} The issues raised in appellant's assignments of error are interrelated; thus, we will consider them in a consolidated manner.
 {¶ 13} In reviewing a decision of an administrative agency, pursuant to R.C. 119.12, the standard of review utilized by a court of common pleas is whether the agency's order is supported by reliable, probative, and substantial evidence and is in accordance with law. Johnson v. Columbiana Cty. Auditor (Mar. 12, 2002), Franklin App. No. 01AP-424. An appellate court's standard of review, however, is limited to determining whether the trial court abused its discretion in reviewing the administrative order. Id.
 {¶ 14} R.C. 124.11(A) states in pertinent part:
The civil service of the state and the several counties, cities, civil service townships, city health districts, general health districts, and city school districts thereof shall be divided into the unclassified service and the classified service.
(A) The unclassified service shall comprise the following positions, which shall not be included in the classified service, and which shall be exempt from all examinations required by this chapter:
* * *
(9) The deputies and assistants of state agencies authorized to act for and on behalf of the agency, or holding a fiduciary or administrative relation to that agency and those persons employed by and directly responsible to elected county officials or a county administrator and holding a fiduciary or administrative relationship to such elected county officials or county administrator, and the employees of such county officials whose fitness would be impracticable to determine by competitive examination, provided that division (A)(9) of this section shall not affect those persons in county employment in the classified service as of September 19, 1961. * * *
(10) Bailiffs, constables, official stenographers, and commissioners of courts of record, deputies of clerks of the courts of common pleas who supervise, or who handle public moneys or secured documents, and such officers and employees of courts of record and such deputies of clerks of the courts of common pleas as the director of administrative services finds it impracticable to determine their fitness by competitive examination[.]
 {¶ 15} We will first address arguments raised under appellant's fifth and seventh assignments of error, including appellant's contention that the SPBR and trial court erred in relying upon the decision of Honaker v. Scioto Cty. Common PleasCourt (Dec. 6, 1993), Scioto App. No. 92-CA-2087. The primary issue raised in that case was whether the SPBR had jurisdiction to consider appeals by two county employees, Crabtree and Honaker, when those employees held hybrid positions involving both a classified and unclassified title. Under the facts ofHonaker, each of those employees served as both bailiffs and probation officers for the appellee, Scioto County Court of Common Pleas, and they were later dismissed from their positions. Following the appeal of their terminations to the SPBR, a hearing officer filed a report, finding that, because both individuals held bailiff positions with the court, the SPBR lacked jurisdiction over the appeal. The SPBR adopted the recommendation of the hearing officer, and appellants filed an appeal with the trial court. The trial court, upon motion by the appellee, dismissed the appeal.
 {¶ 16} Upon further appeal, the court in Honaker, while noting that the appellee bore the burden of establishing that appellants were unclassified employees, held that appellee "did not have to establish that Crabtree and Honaker spent the majority of their time performing duties properly recognized as those of a bailiff." Id. Rather, appellee "could meet its burden by simply showing that Crabtree and Honaker performed some bailiff's duties." Id. The court also rejected appellants' contention that, because their "primary" duties corresponded to those in the classified position, the SPBR had jurisdiction over the action. Specifically, the court determined that, even if appellants proved that contention, the SPBR "would still have properly found them to be in the unclassified service because of the `minimal' duties assigned to and performed by them as bailiffs." Id.
 {¶ 17} In a recent decision by this court involving the appellee in the instant case (Harrison County), one of the primary issues before us was whether the trial court erred in declining to follow the holding in Honaker. In Barr v.Harrison Cty. Common Pleas Court, Franklin App. No. 05AP-760,2006-Ohio-1348, the plaintiff, Alice Barr ("Barr"), similar to appellant in the instant case, was hired by Judge Karto and worked under the title of probation officer, the bulk of her duties being "consistent with that position." Id., at ¶ 3. Barr, however, had other responsibilities, including duties of a "grant administrator, fiscal officer, bailiff, purchasing agent, and payroll officer," and she also acted occasionally as a liaison between the court and the county commissioner's office. Id. These "other" duties involved "ten percent or less of her working time." Id.
 {¶ 18} Also similar to the instant case, in April 2003, following Judge Karto's departure, Barr was terminated, with the court taking the position that she was an unclassified employee. Id., at ¶ 5. Barr initiated an action with the SPBR, and a hearing officer found that she was an unclassified employee, "despite the fact that the bulk of her duties were in a classified position as probation officer." Id., at ¶ 6. The SPBR adopted the decision of the hearing officer, and, thus, found that it lacked jurisdiction to consider the appeal.
 {¶ 19} Barr filed an appeal with the trial court, and the court reversed the determination of the SPBR, finding that, "because the great majority of Ms. Barr's job duties fell into a classified category, she could not be terminated by her employer without cause." Id. Harrison County appealed to this court, and Barr filed a cross-appeal.
 {¶ 20} In Barr, at ¶ 13, this court found persuasive the reasoning employed by the court in Honaker, holding in pertinent part:
The court of common pleas in the case before us declined to follow Honaker * * *. The principal objection to the rule established in Honaker is the risk that employees whose duties fall wholly within the classified service would jeopardize their classified service protection by accepting, in a spirit of productive cooperation, temporary fiduciary responsibilities to assist with staffing shortfalls or other emergencies. These concerns are understandable, as there certainly is a risk of reduced workplace flexibility and a loss of cooperation among classified and unclassified employees in exigent circumstances. However, that is not the case before us. Ms. Barr, in the present matter, undisputedly assumed as part of her regular, everyday duties, fiduciary responsibilities as a bailiff and administrator as described in detail by the SPBR. The fact that these duties constituted the lesser portion of her work, and that the bulk of her duties were as a probation officer, which the county does not contest would normally occupy a classified position, is not determinative. No balancing test for the special case of "hybrid" employees has been set forth by the Supreme Court of Ohio or any of our courts of appeal. Absent such a test, we find the reasoning of Honaker to be persuasive, and to provide a clear and consistent standard.
 {¶ 21} Relying upon the holding in Honaker, this court found in Barr that the trial court abused its discretion in determining that the order of the SPBR, dismissing Barr's appeal for lack of jurisdiction, was not supported by reliable, probative, and substantial evidence, and in accordance with law. This court also overruled all of Barr's assignments of error in her conditional cross-appeal.
 {¶ 22} In the present case, the SPBR hearing officer found the evidence demonstrated that appellant, who reported directly to Judge Karto, an elected official, performed duties that placed him in a fiduciary and administrative relationship with that official. Those duties giving rise to a fiduciary relationship included appellant: (1) having Judge Karto's signature authority in several areas (including payroll); (2) representing Judge Karto at county commissioner meetings; (3) holding staff meetings on Judge Karto's behalf; and (4) representing the judge as the contact person with the prosecutor's and sheriff's offices. Regarding the issue of an administrative relationship, the hearing officer determined that appellant had discretion in approving and signing leave request forms, managing the court and its employees, and determining policy for the staff.
 {¶ 23} The trial court, in reviewing the decision of the SPBR, noted that appellant's own testimony indicated that he performed 80 percent of his duties as a probation officer, and 20 percent as the court administrator. The court concluded that the duties performed as court administrator were "significant," holding in part: "Dealing with the commissioners, approval of leave, and being signator on matters when the judge was absent carry a significant responsibility," and the fact that several witnesses considered appellant to be Judge Karto's "right hand man and the contact person for decisions when the judge was not available exemplifies a fiduciary role."
 {¶ 24} Based upon this court's review of the record, we find there was evidence to support the SPBR's determination that appellant assumed fiduciary and administrative duties in his role as court administrator. Further, in light of this court's adoption of the reasoning of Honaker, and, based upon evidence in the record regarding the nature of the responsibilities assumed by appellant in his position as court administrator, we find that the trial court did not abuse its discretion in finding that there was reliable, probative, and substantial evidence to support the order of the SPBR, and in finding that the order was in accordance with law. Accordingly, we find no merit to appellant's fifth and seventh assignments of error, and they are overruled.
 {¶ 25} We note that appellant has raised, under his remaining assignments of error, similar arguments made by Barr in her conditional cross-appeal, including contentions that the trial court's decision was contrary to law in failing to recognize that a later enacted specific statute (R.C. 2301.27), placing probation officers in the classified service, prevails over an earlier enacted general statute (R.C. 124.11), and that the SPBR erroneously held that a "hybrid" employee may fall within the unclassified service. The trial court in the present case found that those issues were not determinative. Rather, the court noted, if the rationale of Honaker is applied, an unclassified role "negates the protection for classified duties." In addressing the same arguments in Barr, this court found that R.C. 2301.27 and 124.11 "in no way conflict in their application to the present case." Barr, at ¶ 16. We likewise find no conflict in the instant case, and, therefore, overrule appellant's first and second assignments of error.
 {¶ 26} Under his third and fourth assignments of error, appellant contends, generally, that he was discharged for political reasons. Appellant also maintains the SPBR improperly found that his participation in non-partisan political activity somehow changed his status as a classified employee into that of an unclassified employee.
 {¶ 27} The trial court, in addressing these contentions, found there was no direct evidence in the record that appellant was specifically terminated for political involvement in Judge Karto's campaign. Rather, the court found that the incoming judges reorganized the structure of the court and eliminated the position of court administrator. In Barr, at ¶ 18, this court noted that R.C. 124.57 "prohibits many forms of political activity by classified employees," and that such activity "may give rise to disciplinary action or termination for cause." TheBarr court further observed, however, that the posture of that case was not whether Barr, as a classified employee, had been discharged for cause, nor do we find that to be the posture of this action. Rather, whether or not appellant engaged in political activity was not germane to the SPBR's determination that appellant was in the unclassified service based upon the nature of his fiduciary and administrative duties. Finding no merit to appellant's third and fourth assignments of error, they are accordingly overruled.
 {¶ 28} Under his sixth assignment of error, appellant asserts that the SPBR and trial court erred in failing to give a presumption of regularity to a judgment entry, prepared and signed by Judge Karto prior to his departure from office, stating that appellant was serving in a classified position as an adult probation officer. In addressing this issue, the trial court found that Judge Karto's entry was a nullity, as the judge had no case or controversy before him necessitating the entry.
 {¶ 29} We note that Judge Karto signed an almost identical entry concerning the discharged employee in Barr. In Barr, at ¶ 21, this court addressed and rejected the same argument made by appellant in the instant case, holding as follows:
The outgoing employing judge attempted to use a procedure available for ministerial or administrative functions to make a judicial determination on a matter not before his court. As such, the entry does not represent the outcome of an actual controversy adjudicated between the parties with the full opportunity to be heard. It does not set forth a judgment establishing res judicata in any later proceeding. The Franklin County Court of Common Pleas, in the present case, also declined to give Judge Karto's entry attempting to set forth Ms. Barr's employment status preclusive effect: "it is difficult to argue that the duties in classification status * * * were generally known * * * or capable of accurate and ready determination by unquestionable and accurate sources [allowing the court to take judicial notice]." * * * We agree with the Franklin County Court of Common Pleas that Judge Karto could not take judicial notice of Ms. Barr's employment status, both because the facts thereof were not readily ascertainable by taking judicial notice, and because the determination as a matter of law of the status of those duties was a matter for the SPBR and reviewing courts to determine under statute. * * *
 {¶ 30} Based upon the reasoning set forth by this court inBarr, appellant's sixth assignment of error is without merit and is overruled.
 {¶ 31} Having overruled appellant's seven assignments of error, the judgment of the Franklin County Court of Common Pleas, affirming the order of the SPBR dismissing appellant's appeal for lack of jurisdiction, is hereby affirmed.
Judgment affirmed.
Petree and McGrath, JJ., concur.