[Cite as *Crossley v. Coshocton*, 2015-Ohio-3577.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DEBORAH S. CROSSLEY | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellant | |
| -vs- | |
| | Case No. 2015CA00001 |
| CITY OF COSHOCTON | |
| Defendant-Appellee | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Coshocton County Court of
Common Pleas, Case No. 2014-CI-0221

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    August 31, 2015

APPEARANCES:

For Plaintiff-Appellant

MICHAEL A. MOSES
Moses Law Offices, LLC
100 East Broad Street
Suite 1350
Columbus, Ohio 43215

For Defendant-Appellee

TIMOTHY E. COWANS
Scott, Scriven & Wahoff, LLP
250 E. Broad Street
Suite 900
Columbus, Ohio 43215

*Hoffman, P.J.*

{¶1} Plaintiff-appellant Deborah S. Crossley appeals the December 16, 2014 Judgment Entry entered by the Coshocton County Court of Common Pleas in favor of Defendant-Appellee City of Coshocton finding Appellant was an unclassified employee; therefore, not subject to the jurisdiction of the Civil Service Commission.

STATEMENT OF THE FACTS AND CASE

{¶2} Appellant was appointed as a part-time Auditor Clerk by the City of Coshocton on July 9, 2010.  On February 14, 2011, Appellant began working as a full-time Auditor Clerk. In July of 2012, the then Deputy Auditor retired.  As a result, Appellant was assigned Deputy Auditor duties and responsibilities as of July, 2012. Appellant did not change job titles.

{¶3} The City of Coshocton is a political subdivision operating under Title 3 of the Ohio Revised Code to administer the municipal government for the residents of Coshocton, Ohio. The City has the power to employ and discharge employees.

{¶4} During her employment with the City, Appellant was covered by the Coshocton Personnel Policies and Procedures Manual, which includes a system of progressive discipline and a procedure for appealing serious disciplinary actions involving loss of pay.

{¶5} It is undisputed, as an Auditor Clerk, Appellant's duties included: processing invoices for fixed assets, inputting descriptions for items purchased, operating the *Egov* Computer Database, monthly reports for VIP payroll software program, processing purchase orders and input invoices, processing payroll and reconciling timesheets, running electronic transfers for employee pay for direct deposit ,

inputting employee wages and tax information, answering phones, receiving checks and issuing receipts (including signing documents on behalf of the Auditor and using a stamp with the Auditor's signature), accessing the Auditor's bank account, managing a fund called the Bachert Fund, issuing letters to citizens, and various other duties.

{¶6} The City Auditor authorizes and approves all purchases, made by the City makes policy decisions relating to City finances, and interprets city ordinances, laws and regulations relating to the source of funding for purchases.

{¶7} On February 22, 2013, Appellant's employment was terminated with the City of Coshocton. Appellant filed an appeal with the Civil Service Commission. On July 31, 2013, the Civil Service Commission issued a letter stating Appellant's employment records listed her employment as unclassified; therefore, beyond the purview of the Civil Service Commission.

{¶8} Appellant filed an appeal to the Coshocton County Court of Common Pleas. A stipulated order remanded the matter to the Civil Service Commission for an evidentiary hearing on the jurisdictional question of whether Appellant's position of Auditor Clerk falls within classified service.

{¶9} On May 21, 2014, the Commission issued a decision finding Appellant's position was not in the classified service; therefore, the Civil Service Commission lacked jurisdiction over the appeal.

{¶10} Via Judgment Entry of December 16, 2014, the trial court affirmed the decision of the Commission.

{¶11} Appellant appeals, assigning as error:

{¶12} "I. THE DECISION OF THE LOWER COURT WAS AN ABUSE OF DISCRETION INSOFAR AS IT AFFIRMED THE DECISION OF THE CIVIL SERVICE COMMISSION DISMISSING THE APPEAL OF APPELLANT FROM HER REMOVAL ON THE GROUND THAT SHE WAS AUTHORIZED TO ACT FOR AND IN PLACE OF THE CITY AUDITOR OR HELD A FIDUCIARY RELATION TO THE AUDITOR, DISREGARDING EVIDENCE SHOWING HER JOB DUTIES WERE CLERICAL, ROUTINE AND MINISTERIAL IN NATURE AND BECAUSE IT WAS NOT SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE AND WAS NOT IN ACCORDANCE WITH LAW.

{¶13} "II. THE DECISION OF THE LOWER COURT WAS AN ABUSE OF DISCRETION INSOFAR AS IT AFFIRMED THE DECISION OF THE CIVIL SERVICE COMMISSION DISMISSING THE APPEAL OF APPELLANT FROM HER REMOVAL ON THE GROUND THAT SHE WAS UNCLASSIFIED UNDER R.C. SEC. 124.11(A)(8) BECAUSE THE AUDITOR FAILED TO DESIGNATE HER POSITION AS EXEMPT AS REQUIRED BY THE CITY'S ADOPTED PERSONNEL POLICY HANDBOOK, O.A.C. SEC. 123:1-5-01, AND SAID FINDING WAS NOT SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE, AND WAS NOT IN ACCORDANCE WITH LAW."

I.

{¶14} In *Harting v. Massillon Civil Service Commission,* Stark App. No. 2014CA00114, 2015-Ohio-666, this Court held,

R.C. 2506.04 sets forth the applicable standard of review for a court

of common pleas to review an administrative appeal:

"The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505 of the Revised Code."

{¶15} In *Henley v. Bd. of Zoning Appeals,* 90 Ohio St.3d 142, 147, 735 N.E.2d 433 (2000), the Ohio Supreme Court stated:

"[W]e have distinguished the standard of review to be applied by common pleas courts and courts of appeals in R.C. Chapter 2506 administrative appeals. The common pleas court considers the 'whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence (citation omitted)." *Pataskala Banking Co. v. Etna Tp. Bd. of Zoning Appeals,* 5th Dist. Licking Nos. 07–CA–116, 07–CA–117, 07–CA–118, 2008–Ohio2770, ¶ 13.

This court's standard of review of a R.C. 2506.04 appeal is "more limited in scope." *Kisil v. Sandusky,* 12 Ohio St.3d 30, 34, 465 N.E.2d 848 (1984). "This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on 'questions of law,' which does not include the same extensive power to weigh 'the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court. Within the ambit of 'questions of law' for appellate court review would be abuse of discretion by the common pleas court." *Id.* at fn. 4. "It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals * * * might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.,* 40 Ohio St.3d 257, 261, 533 N.E.2d 264 (1988). We must affirm the trial court's decision if such evidence exists in the record. *Kisil,* supra, 12 Ohio St.3d at 34.

**{¶16}** Thus, we review the trial court's judgment to determine if the lower court abused its discretion in deciding that a preponderance of reliable, probative, and substantial evidence supported the administrative decision. *Deem v. Fairview Park,* 8th Dist. Cuyahoga No. 96843, 2011–Ohio–5836, ¶ 10.

**{¶17}** At issue herein is whether the trial court, as a matter of law, abused its discretion in deciding Appellant was an unclassified employee as an Auditor Clerk for the City of Coshocton. O.R.C. 124.11(A)(8) and 124.11(A)(28) read, respectively,

The civil service of the state and the several counties, cities, civil service townships, city health districts, general health districts, and city school districts of the state shall be divided into the unclassified service and the classified service.

(A) The unclassified service shall comprise the following positions, which shall not be included in the classified service, and which shall be exempt from all examinations required by this chapter:

***

(8) Four clerical and administrative support employees for each of the elective state officers, four clerical and administrative support employees for each board of county commissioners and one such employee for each county commissioner, and four clerical and administrative support employees for other elective officers and each of the principal appointive executive officers, boards, or commissions, except for civil service commissions, that are authorized to appoint such clerical and administrative support employees;

***

(28) For cities, counties, civil service townships, city health districts, general health districts, and city school districts, the deputies and assistants of elective or principal executive officers authorized to act for

and in the place of their principals or holding a fiduciary relation to their principals;

**{¶18}** Appellant maintains the Commission erroneously applied these provisions to her employment as an Auditor Clerk with the City of Coshocton in finding her to be an unclassified employee.

**{¶19}** In 1993, the City of Coshocton adopted Ordinance No. 31.36, providing, "The City Auditor may appoint a deputy who, in the absence or disability of the Auditor shall perform his duties and such additional personnel in the Auditor's Department with such compensation as may be authorized and designated by Council."

**{¶20}** Further, R.C. 733.19 reads, "Deputy auditor in cities," providing, "The city auditor may, when authorized by ordinance, appoint a deputy who, in the absence or disability of such auditor, shall perform his duties."

**{¶21}** Appellant maintains her duties were substantially ministerial and routine; warranting her placement in the classified civil service. Appellant's duties set forth above, included: processing invoices for fixed assets, inputting descriptions for items purchased, operating the *Egov* Computer Database, monthly reports for VIP payroll software program, processing purchase orders and input invoices, processing payroll and reconciling timesheets, running electronic transfers for employee pay for direct deposit , inputting employee wages and tax information, answering phones, receiving checks and issuing receipts (including signing documents on behalf of the Auditor and using a stamp with the Auditor's signature), accessing the Auditor's bank account, managing a fund called the Bachert Fund, issuing letters to citizens, and various other clerical duties.

**{¶22}** At the January 16, 2014 Commission Hearing, Auditor Kirkpatrick testified,

A. We handle thousands and thousands of dollars that come through the Auditor's office on a regular basis and we have all kinds of confidential information that we're responsible for. We have medical and health insurance, EEB information that was locked in a cabinet, and drug tests that come back from our drug testing for new employees. There are drug tests that were confidential information.

When it comes to payroll, I feel I have to have somebody that I trust because they have employees' social security numbers, their birth dates, their bank account numbers, all the information about employees. So I have to have someone that I can trust, that I feel would, you know, understand the ramifications if that information would, you know, be let out.

Q. Did you also consider interacting with others important for that position?

A. Yes.

Q. Why so?

A. I had to have a person that I felt could interact with department heads. We have to deal with department heads and also it is political office, so you want to put staff there that would work with you.

Q. Would it be correct to say that for this particular position you would expect that interaction?

A. I would expect that from any employee that I have.

Tr. at 13-14.

**{¶23}** The Civil Service Commission's Findings of Fact and Conclusions of Law states,

5. Among other duties, Mrs. Crossley received possession of and had to make deposits of cash and checks, had access to and used confidential information, signed legal documents on behalf of the Auditor and used a stamp with Auditor's signature, interacted with City employees and other City Department Heads and Elected Officials to fulfill Auditor duties, had access to the Auditor's PNC Bank Account, managed the cemetery fund which at times had over $400,000 in funds, was on occasion the only employee in the Auditor's office, and processed financial information such as tax withholding and health insurance information.

6. The Auditor, because of the nature of Mrs. Crossley's duties and the small staff, placed a special degree of trust and confidence in Mrs. Crossley being able to perform duties in a trustworthy capacity and had granted Mrs. Crossley the occasional authority to act on her behalf by signing documents and using a stamp signature.

**{¶24}** An employee may be determined to have a mix of classified and unclassified duties. Ohio Courts have held in such situations, even if the employee's primary responsibilities may have been classified duties, if the employee is found to do some unclassified duties, the position is unclassified. *Barr v. Harrison Cty. Common Pleas Court,* Tenth Dist. No. 05AP-760, 2006-Ohio-1348; *Honaker v. Scioto Cty. Common Pleas Court*, Fourth Dist. No. 92-CA-2087, 92-CA-2088.

**{¶25}** A fiduciary has been defined in *In re Termination of Employment of Pratt*, 40 Ohio St.2d 107, 321 N.E.2d 603 (1974) as "one in which special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence, acquired by virtue of this special trust." The Supreme Court of Ohio held the emphasis should be placed upon whether the assigned job duties require, as essential qualifications over and above technical competency requirements, a high degree of trust, confidence, reliance, integrity and fidelity. Id.

**{¶26}** Ohio Administrative Code Section 124-1-02(I) provides,

(1) "Fiduciary relationship" generally means a relationship where the appointing authority reposes a special confidence and trust in the integrity and fidelity of an employee to perform duties which could not be delegated to the average employee with knowledge of the proper procedures. These qualifications are over and above the technical competency requirements to perform the duties of the position. Whether one position occupies a fiduciary relationship to another *is a question of fact* to be determined by the board. (Emphasis added.)

**{¶27}** Here, the Commission found Appellant had been granted authority to act on behalf of the auditor. The Commission further found Appellant's duties evolved over time and she became responsible for performing, along with the other employee, all operations of the Auditor's office. As a result, the Commission concluded, the position could not be objectively tested for and necessarily had to be in the unclassified service.

**{¶28}** Based upon the foregoing, we do not find the trial court abused its discretion in finding a preponderance of reliable, probative, and substantial evidence supported the Civil Service Commission's decision.

**{¶29}** The first assignment of error is overruled.

II.

**{¶30}** In the second assignment of error, Appellant argues the Commission erroneously relied on state law without considering the import of the City's Charter and Personnel Manual.

**{¶31}** O.A.C. Section 123:1-5-01 Unclassified Service, reads

(A) Designation of exemptions. Within sixty days after taking office, each elective officer and each principal appointive officer, board, commission, or body having the power of appointment to, or removal from, positions in the service of the state in any office, department, commission, board or institution, shall designate to the director the positions for which exemption from the competitive classified service is claimed under the provisions of division (A)(8) of section 124.11 of the Revised Code.

Thereafter, no change in the designation of exemptions claimed under this provision shall be made during the incumbency of such officer, board, or commission unless an agency reorganization occurs as a result of legislative action during the appointing officer's, board's or commission's term of office or the duties of the position have changed to an extent that warrants a change in the classification of the position. When a change in duties warrants a change in classification under this rule, only the

classification of the position shall be changed, otherwise the actual position's status shall remain the same. The appointive officer, board, commission, or body shall file a statement of reasons for such proposed change with the director of administrative services and receive confirmation from the director of administrative services that the change is acceptable prior to the change becoming effective.

If exemptions have not been designated by the appointing officer, board, or commission as herein provided within sixty days after taking office, the exemptions previously designated and in effect under this provision shall be considered the exemptions claimed by such appointing authority and will continue to be in effect.

**{¶32}** The City's Personnel Policy states, "The position must, however, be substantially fiduciary or administrative." The Policy sets forth a procedure for exempting employees from the classified service.

**{¶33}** However, R.C. 124.11 reads,

The mere failure of an employee's appointing authority to file a statement with the department of administrative services indicating that the employee is in the unclassified civil service, or the mere late filing of such a statement, does not prevent the state personnel board of review from determining that the employee is in the unclassified civil service. In determining whether an employee is in the unclassified civil service, the state personnel board of review shall consider the inherent nature of the duties of the employee's classification during the two-year period

immediately preceding the appointing authority's appealable action relating to the employee.

**{¶34}** The Ohio Supreme Court held in *McAninch v. Crumbley* 65 Ohio St.2d 31, 417 N.E.2d 1253 (1981), the mere failure of an employee's appointing authority to file a statement with the department of administrative services indicating that the employee is in the unclassified civil service, or the mere late filing of such a statement, does not prevent the state personnel board of review from determining that the employee is in the unclassified civil service. The Court held, in determining whether an employee is in the unclassified civil service, the state personnel board of review shall consider the inherent nature of the duties of the employee's classification during the two-year period immediately preceding the appointing authority's appealable action relating to the employee. Id.

**{¶35}** Here, the Commission found the inherent nature of the duties performed by Appellant and the trust placed in Appellant by the Auditor rendered Appellant's status as an unclassified employee. We find the trial court did not abuse its decision in finding a preponderance of reliable, probative, and substantial evidence supported the administrative decision.

**{¶36}** The second assignment of error is overruled.

{¶37} The December 16, 2014 Judgment Entry of the Coshocton County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Delaney, J.  and

Baldwin, J. concur